



# MEMORANDUM OPINION

Nos. 04-10-00878-CR & 04-10-00879-CR

John **FENNELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2010CR9672W & 2008CR3179A
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Sandee Bryan Marion, Justice

Delivered and Filed:  January 19, 2011

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in each of the underlying causes on September 22, 2010. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed October 22, 2010. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on November 8, 2010. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on December 7, 2010, but appellant did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*. Because it appeared that the notice of appeal in each of these appeals was untimely filed, we ordered appellant to show cause in writing why these appeals should not be dismissed for lack of jurisdiction. Appellant did not respond to our order. Because the notice of appeal was untimely filed in each of the underlying causes, these appeals are dismissed for lack of jurisdiction. *See id*.; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991)(out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH